LYDIA PARMILEE, Administratrix *vs.* A. G. McNUTT, Governor.

The statute of limitations prescribing the period·in which claims must be pre-
sented against the estate of deceased persons, cannot be set up against the State.
*Nullus tempus occurrit reipublicæ.*

Error from the circuit court of Carroll county.

The suit in this case was founded upon the following promis-
sory note:

" $674,63.          JACKSON, MISS. November 21st, 1835.

" Twelve months after date we promise to pay to John A. Quit-
man, the Governor of the State of Mississippi, six hundred and
seventy-four dollars sixty-three cents, for value received, payable
and negotiable at the office of discount and deposit of the Plant-
ers' Bank of the State of Mississippi, at Natchez.

                                " JOHN W. HANNA.
                                " JOSEPH PARMILEE.
                                " WILLIAM T. IRISH."

The declaration commenced as follows: " Alexander G.
McNutt, Governor of the State of Mississippi, and successor in
office of Charles Lynch, successor of John A. Quitman, formerly
acting Governor of the State of Mississippi," &c.   The action
was brought against the administratrix of Joseph Parmilee.

The defendant pleaded non assumpsit; and upon that issue,
the case was submitted to the jury.   The plaintiff offered no
evidence but the note sued on.   The defendant offered to prove
the publication of notice to creditors of her intestate, to present
their claims for settlement by the certificate of the printer of a
newspaper, duly authenticated to be made evidence; which
proof the court below ruled out and rejected.   The jury found
a verdict for the plaintiff below, for the full amount of the note,
principal and interest.   The defendant moved for a new trial,

which was refused; and the case is brought by writ of error to this court.

*Sheppard*, for plaintiff in error.

On the trial of this cause, the administratrix, who was defendant below, relied on the 92d section of the act of 1821, How. & Hutch. p. 413, as a bar to the action, and offered to read to the jury the deposition of the publisher, in proof of publication of notice for that purpose. This evidence was rejected by the court, on the ground that this statute would not bar the action. The point was reserved as ground for new trial; which being refused, exceptions were taken, and the question is presented for the consideration of this court.

1. The State is not the beneficial plaintiff; nor, from aught that appears in the record, could it be supposed that she had an interest in the action. Proof should have been offered for the State, before the question could be raised of an exception in her favor.

2. Under the maxim of the common law, "that no laches can be imputed to the crown," it has been held that the government is excepted from the general statutes of limitations; but this exception is based on the construction of those statutes, that the government is not within the reason and policy of the law, and is therefore excepted from the letter. They are statutes of presumptions affecting the remedy. They presume the claim not to be founded in right, else the plaintiff would not delay his action. And as no laches is imputed to the government, this presumption does not arise against its claim; and its exception is harmonious with the policy of the law.

But the special statute relied on in the case at bar, requiring the claims against the estate of the decedent to be presented within eighteen months, differs from the general statutes of limitations in this, that the former defeats the right and destroys the obligation of the contract. The language of the statute is express, "that the estate shall be discharged from the claim." Again, it does not limit the time of bringing the action, and has in view a different policy, different objects and purposes. It

was designed to protect the executor or administrator, and for the benefit of the legatees or distributees; and it intended that a determinate period should be fixed when the executor or administrator might safely pass the funds, which he held as trustee, to the heirs or distributees to whom they properly belonged. This being the policy of the act, no presumption is raised against the justice of the claim from the laches of the holder; it does not presume in favor of the debtor, "evidence which, from lapse of time, he cannot produce; a payment or releases which he cannot show."

A claim held by the State, would be as fully within the objects and policy of the act as any other; and could not, upon a just construction, be saved from its operation.

As the statute affects the right and extinguishes the debt, it enters into the contract of the parties, and a demand on the executor or administrator of the decedent is as fully a condition precedent to the charging or binding the effects in his hands, as giving notice of the dishonor of a bill would be to charging an endorser.

A demand within the time required by the statute must be made, else the estate is discharged, and payment of such claim by the executor or administrator would amount to a devastavit.

For these reasons we think that the court below erred in rejecting the evidence offered by the defendant, and for this cause, a new trial should be allowed.

*Work*, for defendants in error.

For several important reasons, it is believed the opinion of the court of Carroll in refusing a new trial, (the only question presented to this court,) was correct.

The case is obviously attempted to be presented to this court under the act of 1830, H. & H. 493, vesting this court with appellate jurisdiction in cases of new trials, &c., which did not exist before.

This statute, without imposing or modifying the right to appeal and writ of error, which existed before, or in any manner affecting the requisites of bills of exceptions in other cases, gave

them also in cases involving the propriety of granting or refusing new trials.   4 Howard, *Phillips* v. *Lane*, 122.

The law requires "all claims against the estate of deceased persons," to "be presented to the executor, administrator, &c., within eighteen months after the publication of notice for that purpose by such executor, administrator, &c., Provided, that the above limitation" shall not apply to legatees, &c., or creditors out of the State, till after the lapse of three years, &c.   It shall be the duty of Administrators, &c. "within two months after the granting of letters testamentary, or of administration, to publish in some newspaper printed in this State, a notice, requiring all persons having claims against the estate of their testator or intestate," &c. &c., "which notice shall state the time of granting such letters testamentory, or of administration," &c. &c., and shall continue, &c.   H. & H. 413, first and second paragraphs of section 92.

This is an act of limitation, as denominated in this section, and as adjudged by this court in 1 Howard, 115, *Wrens*, Admr. v. *Spanns*, Admr.

The bonds of the auditor and treasurer, and most of the important officers of the State, are made payable to the governor, and his successors in office, all of which bonds are for the benefit of the public or the State.   The execution of a bond in this State, to the governor and his successors, under the laws, custom and usage of this State, is tantamount to a bond to the State of Mississippi.

No governor can, as governor of the State of Mississippi, maintain a suit that is not the suit of the State of Mississippi. The suit is in the name of the governor, the note having been executed to him and his successors in office—the court judicially know who the successors are.   It is averred in the declaration that the note was made "according to the form and authority of the statute in such case made and provided," to wit, the act of 1833, requiring the notes to be taken to the governor and his successors in office, payable in one, two and three years, and renewable for one year by the commissioners of the sinking fund.   This note is made payable at the Planters' Bank,

as is required by the aforesaid act of 1833, and it is averred in the declaration, that it was delivered to the "commissioners of the state of Mississippi, according to the act in such case provided," to wit, the act of 1833, approved, authorizing the commissioners to take the note. By the plea of non assumpsit, pleaded in this case under the act of 1836, H. & H. 595, the defendant below admitted "the party and character of the party suing." 3 H. 105. By the plea, the right of the plaintiff, as governor, to sustain the suit, is admitted, and the governor can, as governor, only, sue for the State. The suit is as much the suit of the State, as if the declaration had stated the State of Mississippi complains, &c. In the cases in New York, Virginia and Kentucky, "The People," "The Commonwealth," were tantamount to the State, and suits by those titles were held not to be embraced by statutes of limitation, 4 Bibb, 62. 18 Johns. &c. A suit in the name of the governor, *ex vi termini* and *pro hac vice*, means "the State" or "the Commonwealth."

Assuming this to be a suit of the State of Mississippi, and the defence being the statute of limitation; for the statute requiring claims against administrators to be presented in eighteen months, calls it a limitation; it is so held by this court, in 1 H. 115; 4 H. 242, before cited, and is so in reason and common sense; time does not run against the State, government or people. 4 Howard, 24, *Bledsoe* v. *Doe*, ex dem. *Little*. Angel on Limitations, 369–70–71. *Wilson* v. *Hudson*, 8 Yerger, 398. 2 Mason, 312, *United States* v. *Hoar*, and 4 Mass. 528, *Inhabitants of Stoughton* v. *Baker*. 18 Johns. Rep. 228, *People* v. *Gilbert*. 1 H. & Mun. 85. *Cemp* v. *Courth*, 4 Bibb, 62.

Per Curriam. This action was founded on a promissory note made by the intestate Parmilee, payable to John A. Quitman, governor of the State, and the suit was brought by his successor.

The defendant below pleaded non assumpsit only, and on the trial offered a deposition to prove that she had advertised for creditors to present their claims, in a public newspaper printed at Jackson, with a view to set up a bar to the debt under the

statute.    This testimony, however, was rejected by the court, and we think correctly.

By the terms of the act, administrators may give evidence to establish the bar without pleading specially; but in this case the statute did not bar the debt.    The suit is in the name of the governor of the State; and we must regard the State as the real plaintiff.    There is nothing in the record which shows the consideration of the note, but it is brought by the governor in his official character as successor to the payee who was then governor, and so described in the note, and no objection is made as to the right to sue in that way.    Regarding the State as the real plaintiff, this statute of limitations cannot be set up against it, and the court therefore correctly ruled out the evidence.

*Judgment affirmed.*